UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEFANIE SHIELDS

    Plaintiff,

v.                  Case No. 1:03-CV-395

                   Hon. Wendell A. Miles

GOVERNMENT EMPLOYEES HOSPITAL
ASSOCIATION, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY

    Defendants.
_____/

OPINION AND ORDER

    This matter is before the court on Plaintiff's Motion for Reconsideration (Dkt. # 69), asking the court to reconsider its Order entered on March 16, 2005, partially granting Plaintiff's motion for attorney fees. The Defendants have not responded to the motion. For the following reasons, the court will deny the motion.

    Plaintiff filed a declaratory action against the Government Employees Hospital Association ("GEHA") and State Farm Mutual Automobile Insurance Company ("State Farm"), respectively her health care provider and no fault insurer. It was Plaintiff's position that GEHA was not entitled to reimbursement of monies paid on Plaintiff's behalf, but if it was entitled, it must seek reimbursement directly from State Farm; further, if Plaintiff was personally obligated to reimburse GEHA, State Farm was responsible for reimbursing Plaintiff. On the parties' motions for summary judgment, the court found that GEHA, pursuant to its subrogation clause, was entitled to reimbursement directly from Plaintiff on any third party recovery Plaintiff may

receive, and that State Farm was obligated to reimburse Plaintiff in the amount Plaintiff reimbursed GEHA.

The court found Plaintiff was entitled to her fees and costs, to be paid by State Farm. Plaintiff sought $30,766.78 in fees and costs, and the court awarded her $10,513.23, which the amount incurred prosecuting her claim against State Farm. The court did not award Plaintiff the attorney fees pertaining to her claim against GEHA. The court also declined to award Plaintiff $36,343.23, representing 12% statutory interest, because the court could not determine when State Farm's obligation to reimburse Plaintiff actually arose. Plaintiff now asks the court to reconsider its denial of attorney fees attributable to the GEHA claim, and its denial of interest.

Plaintiff contends that had State Farm reimbursed her for the third party funds she reimbursed to GEHA, she would not have been forced to filed this lawsuit, thereby avoiding all attorney's fees. Plaintiff cites Kalin v. DAIIE, 112 Mich. App. 497 (1982) for the proposition that "a claimant who is clearly entitled to no-fault benefits should not be forced to hire an attorney merely because the circumstances of his accident create problems of priority among insurers." Id. at 510. In Kalin, the plaintiff's no-fault insurer and his employer's no-fault insurer each denied liability. The Michigan Court of Appeals upheld the award of fees and costs against both insurers. The Court noted that insurance companies could avoid liability for attorney fees by sharing in the payment of no-fault benefits and then settling the priority question between themselves.

Under the relevant statute, an award of fees and costs are provided for when a claimant seeks "insurance benefits which are overdue." MICH. COM. LAWS 500.3148(1). The statute was applicable in Kalin regardless of which insurer was ultimately found liable. In Proudfoot v. State

2

Farm, 469 Mich. 476 (2003), the court found that plaintiff's insurer was liable for home modifications. Plaintiff had employed an architect to prepare plans, and the architect's fee was due. Work on the modifications had not begun. The court found that the plaintiff was entitled only to reasonable attorney fees attributable to the architect's fee. Because the modification expenses had not yet been incurred, they were not "overdue," and, therefore, the statute did not provide for fees associated with that claim. Id. at 485. Here, GEHA had paid Plaintiff's medical expenses as they became due. Plaintiff's claim against GEHA pertained to a subrogation issue, not "overdue" benefits. Pursuant to the clear language of the statute and the holding in Proudfoot, Plaintiff is not entitled to attorney fees attributable to her claim against GEHA.

Under Michigan's no-fault act, benefits are overdue if not paid within thirty days after an insurer receives reasonable proof of the fact and amount of loss sustained. MICH. COM. LAWS § 500.3142(2). An insurer that delays payment for more than thirty days is subject to a twelve-percent annual interest rate on the delayed payments. MICH. COM. LAWS § 500.3142(3). This no-fault penalty interest is designed to penalize an insurer that is dilatory in paying a claim. Benefits are payable as loss accrues. MICH. COM. LAWS § 500.3142(1). In the present motion, Plaintiff contends that:

> GEHA formally asserted a lien on third party settlement funds on April 30, 2003 and the bills were forwarded at that time. Plaintiff demanded that State Farm reimburse it in a May 15, 2003 letter. State Farm refused to reimburse Plaintiff at any time.
> (Motion to Reconsider, ¶ 6).

Payment of a debt or liability is a prerequisite to attaining subrogation rights. Poynter v. Aetna Casualty & Surety Co., 13 Mich.App. 125, 128, 163 N.W.2d 716 (1968) ("[u]ntil the insurer has paid the claim, it has no subrogation right"); Associated Truck Lines v. Employers' Fire Ins. Co.

3

of Boston, 275 Mich. 74, 76, 265 N.W. 780 (1936) ( "[s]ubrogation rights follow and do not precede payment"); Earl Dubey & Sons, Inc. v. Macomb Contracting Corp., 97 Mich.App. 553, 559, 296 N.W.2d 582 (1980) ("[t]he right to subrogation accrues upon payment of the debt"). Past payments of obligations defines subrogation rights and fix the extent of amounts to be claimed pursuant to those rights. Morrow v. Shah 181 Mich.App. 742, 749, 450 N.W.2d 96 Mich.App.,1989). GEHA's right to reimbursement arose when it paid Plaintiff's first bill, and the extent of its right increased over time as additional bills were paid. Pursuant to the parties' contract, GEHA was entitled to seek reimbursement against any compensation Plaintiff received by way of settlement or judgment against a third party. Thus, GEHA was entitled to enforce its claim for reimbursement when Plaintiff received a settlement or judgment.

After a careful review of the record, the court is still not able to determine when GEHA's right to enforce its reimbursement claim arose - that is, when were settlement or judgment funds available to which its lien could attach. Plaintiff submitted a letter dated April 30, 2003, which gives notice of GEHA's reimbursement claim but does contain a demand for immediate payment. On April 17, 2003, a letter from GEHA states its claim was $1,734.00, and would continue to be updated until settlement, (Dkt. # 3, Ex. 3), indicating that there had yet been no settlement. Moreover, assuming a settlement had occurred by May 15, 2003, when Plaintiff sent her demand letter to State Farm, the amount of GEHA's reimbursement claim on that date is unclear. Although GEHA paid Plaintiff's medical bills in the amount of $162,074.85, the amount of its claim on May 15, 2003 would be the only amount overdue on June 15, 2003.

The court simply does not have all of the necessary figures and dates to determine when, and to what extent, State Farm's obligation to reimburse Plaintiff arose, and in turn, became

"overdue." Accordingly, the court will not award a specific amount of penalty interest. See Proudfoot, 469 Mich. at 485 (awarding interest on architect fee that was due, and disallowing interest on home modification expenses that had not yet been incurred).

Conclusion

For the reasons discussed above, the court DENIES Plaintiff's Motion for Reconsideration (Dkt. #69).

So ordered this 27th day of September, 2005.

        /s/ Robert Holmes Bell
Robert Holmes Bell
Chief United States District Judge
for:
Wendell A. Miles
Senior United States District Judge