UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEFANIE SHIELDS,

        Plaintiff,

                                    Case No. 1:03-cv-395

v.

                                    Hon. Wendell A. Miles

GOVERNMENT EMPLOYEES HOSPITAL
ASSOCIATION, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY

        Defendants.
_____/

OPINION AND ORDER

This matter is before the court on State Farm Mutual Automobile Insurance Company's (State Farm) Motion for Entry of Satisfaction of Judgment (docket # 85) and Plaintiff's Motion for Appellate Attorney Fees (docket # 86). For the reasons that follow, the court denies State Farm's motion and grants Plaintiff's motion.

Plaintiff filed a complaint for declaratory judgment against State Farm and the Government Employees Hospital Association (GEHA), claiming that GEHA was not entitled to reimbursement for monies paid for Plaintiff's medical care; however, if GEHA was entitled to reimbursement, State Farm must then reimburse Plaintiff. The court found that GEHA was entitled to reimbursement on its subrogation claim, and that State Farm was responsible for reimbursing Plaintiff. State Farm appealed the decision, and on June 19, 2006, the decision was affirmed by the Sixth Circuit Court of Appeals. Shields v. Government Hospital Ass'n, 450 F.3d 643 (6th Cir. 2006). In November 2006, State Farm paid the amount owed to Plaintiff as

reimbursement, and the parties filed a partial satisfaction of judgment. (Docket # 80).

The court additionally found that under MICH. COMP. L. § 500.3148(1), Plaintiff was entitled to attorney fees in the amount of $10,513.23 to be paid by State Farm. The court declined to award attorney fees incurred in regard to Plaintiff's claim against GEHA. Because Plaintiff failed to provide evidence of when State Farm became delinquent in its reimbursement obligation, the court declined to award penalty interest. Plaintiff appealed the decision, which was affirmed on June 22, 2007, by the Sixth Circuit Court of Appeals. Shields v. Government Hospital Ass'n, 490 F.3d 511 (6th Cir. 2007).

Subsequently, on July 10, 2007, State Farm forwarded to Plaintiff the full amount awarded, $10,513.23. (See Motion for Entry of Satisfaction of Judgment, Ex. 1). Counsel for Plaintiff accepted the payment, but has refused to sign a satisfaction of judgment. (Id., Ex. 2). Plaintiff contends that she is entitled to additional attorney fees in the amount of $11,157.21 incurred during the appeals process. (Id., Exs. 4, 5). State Farm disagrees. Both parties cite to McKelvie v. Auto Club Insurance Ass'n, 586 NW2d 395, 459 Mich. 42,(1998) (McKelvie (III) to support their respective positions.

In both the present case and McKelvie, attorney fees were awarded pursuant to MICH. COMP. L. § 500.3148(1), which provides that an "attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment." In McKelvie the Michigan Supreme Court addressed the scope of section 500.3148(1). The insured in McKelvie brought suit to recover

personal protection insurance benefits from his no-fault insurer.  The insured prevailed, and the trial court awarded him his attorney fees pursuant to MICH. COMP. L. § 500.3148(1).  The insurer paid the benefits, but appealed the fee award.  Id at 45.  The Michigan Court of Appeals affirmed the trial court's decision.  See McKelvie v. Auto Club Ins. Ass'n, 512 NW2d 74, 203 Mich. App. 331 (1994) (McKelvie (I).  The insured then filed a motion for appellate attorney fees under MICH. COMP. L. § 500.3148(1), and the trial court denied the motion.  Id.  The insured appealed.  The Michigan Court of Appeals reversed the trial court, concluding that an insurer's unreasonable refusal to pay benefits subjected it to liability for all the attorney fees that were incurred in consequence of the initial refusal.  See McKelvie v. Auto Club Ins. Ass'n,  566 NW2d  658 , 223 Mich. App. 446 (1997) (McKelvie (II).  The Michigan Supreme Court disagreed, reasoning that the appeal by the insurer with regard to attorney fees "did not concern the disputed benefits, and the accompanying expense of appellate counsel was not incurred for the purpose of obtaining those benefits."  Any further representation "regarding other issues is outside the scope of the statutory authorization for an attorney fee award."  McKelvie( III), 459 Mich. at 48.  The Court reversed the decision of the Michigan Court of Appeals, and reinstated the trial court's order denying the insured's motion for appellate attorney fees.  Id. at 49.

      There is, however, a difference of significance between the circumstances in McKelvie and the present circumstances.  Here, the court found that State Farm was liable for reimbursing Plaintiff for the amount she was required to reimburse GEHA.  State Farm appealed the issue of its liability.  Thus, Plaintiff was forced to proceed to the Sixth Circuit Court of Appeals to obtain the benefits she sought from State Farm.  Because the work performed by Plaintiff's counsel pertaining to State Farm's appeal was clearly for the purpose of obtaining overdue benefits for

3

Plaintiff, under the holding in McKelvie (III), Plaintiff is entitled to an award of appellate attorney fees.

State Farm argues that even if Plaintiff satisfies the first requirement that an "attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue," Plaintiff has not satisfied the second requirement that attorney fees shall be award only if "the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."  Under Michigan law, when an insurer refuses to make or delays in making a no-fault payment, a rebuttable presumption arises that this refusal to pay or delay in paying is unreasonable.  Attard v. Citizens Ins. Co. of America, 602 N.W.2d 633, 637, 237 Mich.App. 311, 317(1999).  The insurer has the burden of rebutting this presumption of unreasonableness by justifying the refusal or delay.  McKelvie (I) 512 N.W.2d at 77, 203 Mich.App. at 335 (1994).  A delay in making payments "is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty."  Attard, 602 N.W.2d at 637, 237 Mich. App. at 317.  The "scope of inquiry under § 3148 is not whether the insurer ultimately is held responsible for a given expense, but whether its initial refusal to pay the expense was unreasonable."  Ivezaj v. Auto Club, 737 NW 2d 808, 810, 275 Mich. App. 349, 353-54 (Mich. App. 2007), citing McCarthy v. Auto Club, 527 NW2d 524, 208 Mich. App. 97, 105 (Mich. 1994).

In Sibley v. Detroit Automobile Inter-Insurance Exchange, 427 NW2d 528, 431 Mich. 164 (1988) the Michigan Supreme Court found that "when the automobile no-fault act speaks of benefits 'provided' it means benefits permanently provided."  Id. at 170.  Thus,

> the no-fault insurer must fill the void left by federal law requiring restitution.  Where the federal government requires a beneficiary

4

>     to repay the compensation, the no-fault insurer must pay personal
>     protection benefits to the extent restitution is required. Id.

In the present case, where the federal government was requiring Plaintiff to repay the benefits received, this court found that under Sibley, State Farm was obligated to pay personal protection benefits to the extent restitution was required. State Farm avoided Sibley, instead relying on Dunn v. DAIIE, 657 NW2d 153, 254 Mich. App. 256 (2002), to support its refusal to reimburse Plaintiff. Although the Dunn Court held that the no-fault insurer was not responsible for reimbursing the plaintiff, it explained that:

>     Here, in contrast (to Sibley), the ERISA-plan benefits are not
>     provided 'under the laws of any state or federal government,'
>     that is, from the public treasury, but rather by virtue of funding
>     furnished by plaintiff's employer . . . .

Id. at 160. GEHA is a self funded health plan established under federal law (FEHBA), and for which the federal government provides 72-75% of the contributions. Thus, it would have been clear to an insurer in State Farm's position that Sibley rather than Dunn was applicable to the present case.[1] Because State Farm has failed to rebut the presumption of unreasonableness, Plaintiff is entitled to an award of attorney fees relevant to defending State Farm's appeal on the issue of liability. Consistent with the reasoning and holding in McKelvie (III), Plaintiff is not entitled to seek attorney fees under § 500.3148(1) for work performed in connection with

---

[1] The Sixth Circuit found that the present case is materially indistinguishable from Sibley. Shields, 450 F.3d at 648. The Court explained that the Sibley decision still controls the meaning of the language of the State Farm Policy because the policy was drafted in accordance with the Michigan No-Fault Insurance Act. "The fact that Dunn holds otherwise is irrelevant because Dunn is not good law. The Michigan Court of Appeals' decision in Dunn conflicts with the decision of the Michigan Supreme Court in Sibley, and therefore is not Michigan law." Id. at 646.

Plaintiff's appeal of the court's decision regarding an award of attorney fees.

Plaintiff now seeks attorney fees of $11,157.21 for appellate work.  While Plaintiff's motion for attorney fees is granted to the extent that she is entitled to an attorney fee award, it is denied to the extent she is seeking $11,157.21.  Under MICH. COMP. L. § 500.3148(1), an attorney is entitled to a "reasonable" fee.  In order for this court to determine the reasonableness of the fee requested, counsel for Plaintiff must submit an itemized statement of the work performed and the hourly rate charged.  State Farm may, of course, respond to the itemized statement.

## Conclusion

Accordingly, State Farm Mutual Automobile Insurance Company's Motion for Entry of Satisfaction of Judgment (docket # 85) is DENIED;  Plaintiff's Motion for Appellate Attorney Fees (docket # 86) is GRANTED to the extent Plaintiff may seek appellate attorney fees, and DENIED as to the amount of  $11,157.21.  Plaintiff is directed to file within 20 days of the date of this order an itemized statement of work performed and hourly rate charged in connection with State Farm's appeal on the issue of liability.  State Farm Mutual Automobile Insurance Company shall have 15 days from the date of being served with the itemized statement to file a response.

So ordered this 8th day of February, 2008.

     /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge