UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEFANIE SHIELDS,

        Plaintiff,

v.                                           Case No. 1:03-cv-395

                                              Hon. Wendell A. Miles

GOVERNMENT EMPLOYEES HOSPITAL
ASSOCIATION, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

        Defendants.
_____/

OPINION AND ORDER

        This matter is before the court on Plaintiff's Petition for Fees (docket #91), seeking $11,925.92 in attorneys' fees and cost. Defendants have filed a response (docket #92), and Plaintiff filed a reply (docket #94). For the reasons discussed below, the court grants Plaintiff an award of attorneys' fees and costs of $9,492.28.

        On December 10, 2004, the court granted Plaintiff's motion for summary judgment as it related to State Farm Mutual Automobile Insurance Company (State Farm) (docket #60). State Farm appealed, and on June 16, 2006, the decision was affirmed by the Sixth Circuit Court of Appeals (docket #78). Shields v. Government Hospital Ass'n, 450 F.3d 643 (6th Cir. 2006) (Shields I). In its December 10, 2004 order, the court found Plaintiff was entitled to attorneys' fees in the amount of $10, 513.23 to be paid by State Farm. Because Plaintiff failed to provide evidence of when State Farm became delinquent in its reimbursement obligation, the court

declined to award penalty interest. After the court denied Plaintiff's motion for reconsideration on September 27, 2005 (docket #74), Plaintiff appealed the decision, which was affirmed on June 22, 2007, by the Sixth Circuit Court of Appeals (docket #82). Shields v. Government Hospital Ass'n, 490 F.3d 511 (6th Cir. 2007) (Shields II). State Farm has paid these fees and costs.

On February 8, 2008, the court entered an opinion and order granting Plaintiff's motion for appellate attorneys' fees relating to States Farm's appeal (Shields I), but specifically stating that Plaintiff was not entitled to attorneys' fees for work performed in connection with her appeal of the Court's decision regarding an award of attorneys' fees (Shields II). The court directed Plaintiff to file an itemized statement of work performed and the hourly rates charged. In her petition, Plaintiff seeks fees and costs totaling $11,925.92 as follows: $11,157.21 for appellate work; $518.71 related to her post-appeal motion for attorney fees and costs; and $250.00 for preparing the instant petition. In support of her request, Plaintiff submitted a billing statement showing work performed between January 3, 2005 and June 16, 2006 by Frederick J. Boncher (identified on statement as FJB) and Brent W. Boncher (identified on statement as BWB). (Ex. A to Petition).

To determine the amount to award for attorney fees, the court must multiply the number of hours reasonably expended by a reasonable hourly rate to arrive at the "lodestar." Hensley v. Eckhart, 461 U.S. 424, 433 (1983). The party seeking attorneys' fees has the burden of proof on the number of hours expended and the rates claimed. Id. When the party seeking attorney fees has established that the hourly rate and the number of hours claimed are both reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled. Pennsylvania v. Del.

2

Valley Citizens Council for Clean Air, 478 U.S. 546, 564 (1986).  State Farm does not object to the hourly rate charged by either Brent W. Boncher or Frederick J. Boncher.  State Farm, however, does argue that various charges contained in Plaintiff's itemized billing statement are either unrelated to State Farm's appeal to the Sixth Circuit (Shields I); the charge is for work that is non-compensable; or, entries are not specific enough to determine if they represent compensable time.  Defendant raises objections to nine specific entries.

      The party seeking attorney fees should exercise "billing judgment" with respect to hours worked.  Hensley, 461 U.S. at 433.  The documentation supporting the number of hours charged "must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation."  United Slate Tile and Composition Roofers v. G& M Roofing and Sheet Metal Co., 732 F.2d 495, 502 n.2 (6th Cir. 1984); and see Woodbridge v. Marlene Indus. Corp., 898 F.2d 1169, 1177 (6th Cir. 1990) (stating that the attorney has an obligation to "maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended" on the case);  Moore v. Freeman, 355 F.32d 558, 566 (6th Cir. 2004) (stating that "the attorney seeking compensation retains the burden of documenting the number of hours spent on the case and of maintaining records in a way that would allow a court to determine how much time was spent on each claim"); Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1402 (6th Cir. 1995) (stating that the party seeking attorneys' fees must present evidence that supports the hours worked and the rates claims); Perotti v. Seiter, 935 F.2d 761, 764 (6th Cir. 1991) (explaining that the party seeking attorneys' fees "has the burden of providing for the court's perusal a particularized billing record").

Although an attorney does not need to "record in great detail" each minute he or she spent on an item, "the general subject matter should be identified."  Hensley, 461 U.S. at 437 n.12.  Where the documentation is inadequate, the court may reduce the award accordingly. Id. at 433.  Courts have reduced attorney fees based upon an insufficient billing description where billing records "lumped" together time entries under one total so "that is was impossible to determine the amount of time spent on each task." Imwalle v. Reliance Med. Prods., 515 F.3d 531, 554 (6th Cir. 2008), citing Cleveland Area Bd. Of Realtors v. City of Euclid, 965 F. Supp. 1017, 1021 (N.D. Ohio 1997).

Plaintiff has submitted a four page billing statement showing the date work was performed; the amount of time spent performing the work; the nature of the work performed; the attorney who performed the work, and the attorney's hourly rate.  A handwritten "no" appears by several of the entries, which the court concludes are not included in Defendant's fee petition.  (Ex. A to petition).  The court considers each of State Farm's specific objections under the standard discussed above.

| A. | 3/22/05 | $721.50 | "Research for appeal on attorney fees. Work on brief" |

State Farm argues that work on Plaintiff's appeal of the court's decision on attorney fees (Shields II) is not compensable.  Plaintiff responds that she is only seeking one-half of the amount shown, which covers the time spent working on the brief filed in State Farm's appeal (Shields I).  The court's docket sheet shows that Plaintiff filed her appeal of the decision regarding attorney fees on September 29, 2005 (docket #75).  Accordingly, the court finds that "work on brief" on March 22, 2005 refers to a brief to be filed in Shields I.  Because it is

4

impossible to determine the exact amount of time spent on research and the amount of time working on the brief, the court will reduce the request by one-half, and allow a fee of $360.00 for work performed on March 22, 2005.

      **B.**      **3/23/05**      **$767.75**      **"Draft motion. Review/revise motion for reconsideration. Work on appeals brief"**

State Farm contends that the entry relates to Shields II, and is not compensable. Plaintiff is seeking one-half the amount shown for "[w]ork on appeals brief," which refers to a brief filed in Shields I. As noted above, Plaintiff did not file her Shields II appeal until September 29, 2005. The court concludes that the referenced brief relates to Shields I. Although it is impossible to determine the exact amount of time spent on the motion for reconsideration and that spent on the appeals brief, the court will allow $380.00 for work performed on March 23, 2005.

      **C.**      **3/28/05**      **$37.00**      **"Proof appeals brief. Conference with secretary on reconsideration brief"**

State Farm contends that the entry relates to Shields II, and is not compensable. For the reasons discussed above, and considering it is impossible to determine the exact amount of time spent proofing the appeals brief, the court will allow $18.00 for work performed on March 28, 2005.

      **D.**      **9/29/05**      **$370.00**      **"Review research. Read opinion and order. Conference with FJB. Research attorney fees"**

State Farm argues that the "opinion and order" refers to the court's September 27, 2005 order awarding attorney fees and denying penalty interest. Plaintiff has not addressed State Farm's argument, and it is impossible to determine what research was reviewed or the subject

matter of the conference with FJB.  The court concludes that Plaintiff has not met her burden of demonstrating that any portion of this entry relates to Shields I.  Accordingly, the entry is not compensable.

| | | | |
|---|---|---|---|
| E. | 9/29/05 | $550.00 | "**Legal research - no fault act and case law, work on appeal of court's order and opinion, Conference with attorney B. Boncher re: appeal**" |

State Farm claims this entry relates to Shields II, and is not compensable.  Plaintiff has not addressed State Farm's argument, and it is impossible to determine the subject matter of the legal research or of the conference with B. Boncher.  The court finds that the "order and opinion" refers to the court's September 27, 2005 order and opinion.  Accordingly, the court concludes that the entire entry pertains to Shields II and is not compensable.

| | | | |
|---|---|---|---|
| F. | 1/4/06 | $68.75 | "**Telephone conference attorney GEHA re: confidential settlement**" |

State Farm contends that this entry is not related to Shields I, but rather concerns an issue between Plaintiff and GEHA for which the court previously denied attorney fees.  Plaintiff has offered no information or explanation refuting Defendant's contention.  The court will disallow this entry as unrelated to Shields I.

| | | | |
|---|---|---|---|
| G. | 11/30/05 | $2,590.00 | "**Review cases.  Pack.  Prepare for oral arguments.  Travel to airport.  Travel to Cincinnati.  Travel to Hotel.  Review oral argument notes and briefing.  Dinner**" |

State Farm argues that it is impossible to determine from this "block billing" what hours are compensable, and challenges any allowable fee for travel time and dinner.  Plaintiff responds that the attorney (BWB) worked on the case during travel and dinner.

6

It is within the discretion of the district court whether to award fees for travel time. Perotti, 935 F.2d at 764. Plaintiff offers no evidence of whether attorneys in the local area customarily charge for travel time. Although the court agrees that time spent by attorneys in transit or at dinner may be beneficial, because there are other incidental matters to attend to during these activities, it likely is not as intense or productive as time spent at the office or in court. Because the court is unable to determine the amount of time reviewing cases as opposed to the amount of time packing, traveling and eating dinner, the court will reduce the amount requested and award $1,972.00, which reflects the less productive time spent traveling and eating dinner. See, e.g., Gratz v. Bollinger, 353 F.Supp.2d 929, 939 (E.D. Mich. 2005) (reducing attorney fee award because attorney's proffered billing entries contained "block billing").

| H. | 12/01/05 | $2,220.00 | "Deliver oral argument at court of appeals. Travel home. Telephone conference with FJB on outcome" |

State Farm objects to allowing compensation for the travel time contained in this "block billing." Plaintiff argues that but for Defendant's appeal, the travel time could have been spent working on other cases. However, as discussed in section G, Plaintiff explained that the attorney worked on the instant case during his travel time to the Court of Appeals. He presumably could have worked on other cases on his trip home. Unlike the entry at G, the attorney does not claim that he was working on this case during his travel home. The court will reduce the request by 20%, which reflects some downward adjustment for the apparently unproductive time spent traveling, for an award of $1,780.00.

7

|   |   |   |   |
|---|---|---|---|
| I. | 07/01/06 | $152.84 | "Travel expenses" |
|   |   | 42.50 | "Travel and parking expenses" |
|   |   | 122.54 | "Photocopier expenses" |

State Farm objects to July 1, 2006 entries for costs. State Farm claims that because there is no corresponding work-time entry for July 1, 2006, the costs are not compensable. State Farm argues that considering that the Sixth Circuit opinion in Shields I was issued three weeks earlier, there is no showing that these costs were incurred in relation to Shields I. Plaintiff claims that the date of July 1, 2006 was not the date the expenses were incurred, but the date the search for Shield I entries was completed. Plaintiff states that the travel expenses of $152.84 actually represent expenses of $32.40 incurred on January 5, 2005 for an inspection of the vehicle involved in the accident, and expenses of $120.44 incurred on November 29, 2005 in connection with the oral argument at the Court of Appeals. The $42.30 entry is for expenses incurred in connection with the trip to the Court of Appeals. While it would have been preferable for Plaintiff to show the correct dates and some explanation in the billing statement, the court will allow $120.44 and $42.30 related to travel to and from the Court of Appeals in connection with Shields I. Plaintiff, however, fails to explain in what way an inspection of the vehicle was necessary to defend State Farm's appeal. Additionally, Plaintiff has given no explanation for the photocopier expenses. Without some explanation of how these costs relate to Shields I, the court must disallow them.

The court also notes a September 29, 2005 charge or $20.57 for Westlaw computer search, with no additional explanation. The court will disallow this entry considering that the court denied Plaintiff's motion for reconsideration on the issue of attorney fees on September 27, 2005, making the entry likely to be related to Shields II, and non-compensable.

## Conclusion

Based upon the court's calculations as shown on the attachment to this opinion and order, the court will allow attorneys' fees of $7,962.25, costs of $761.32, attorneys' fees for work on motion for fees of $518.71, and a preparation of petition fee of $250.00.

Therefore, the court GRANTS Plaintiff's Petition for Attorney Fees to the extent it AWARDS ATTORNEYS' FEES AND COSTS in the amount of $9,492.28.

So ordered this 14th day of April, 2008.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge

## ATTORNEYS' FEES AND COSTS

### Brent W. Boncher

| Date | Hours | Description |
|---|---|---|
| 01/12/05 | 0.30 | Telephone conference with Sixth Circuit -instructions to secretary on same |
| 01/13/05 | 0.25 | Draft appearance for Sixth Circuit |
| 02/02/05 | 0.20 | Conference with secretary and FJB on case evaluation form |
| 02/16/05 | 2.65 | Review briefs; prepare for conference; telephone conference with opposing counsel; attend settlement conference; 2 conferences with bookkeeper |
| 03/29/05 | 0.90 | Proof appeals brief |
| 03/30/05 | 2.00 | Draft statement of questions presented and statement of the case; compile exhibits; final proofing of brief |
| 04/20/05 | 1.10 | Revise brief per court's instructions |
| 04/22/05 | 1.20 | Telephone conference with Court of Appeals; draft appendix list; conference with secretary |
| 05/02/05 | 0.40 | Read GEHA appeals brief |
| 05/17/05 | 0.45 | Draft and review proposed joint appendix |
| 05/18/05 | 0.55 | Review reply brief; conference with FJB |
| 09/02/05 | 0.25 | Telephone conference with Sixth Circuit on scheduling |
| 10/06/05 | 0.50 | Draft appeals conference statement |
| 10/10/05 | 0.10 | Status conference with FJB |
| 10/13/05 | 0.25 | Check on case status |
| 11/22/05 | 0.50 | Conference with FJB; instructions to secretary on flights |

11.60 hours x $185.00 = **$2,146.00**

### Frederick J. Boncher

| Date | Hours | Description |
|---|---|---|
| 01/14/05 | 0.50 | Telephone conference with client re: appeal, procedures, strategies, time issues, effect on case |
| 01/24/05 | 0.25 | Review of latest filings on appeal |
| 02/02/05 | 0.25 | Filing questionnaire for Sixth Circuit pre-trial |
| 03/10/05 | 1.00 | Analysis of appeal brief |
| 03/11/05 | 0.25 | Conference call with client |
| 05/16/05 | 0.40 | Analysis of State Farm's reply brief; conference with BWB |
| 10/10/05 | 0.10 | Conference with BWB re: status of appeal |
| 11/30/05 | 0.50 | Conference with BWB re: Sixth Circuit argument |
| 12/19/05 | 0.25 | Telephone conference with client re: status and questions |

| | | | |
|---|---|---|---|
| 06/16/06 | 1.25 | Analysis of Sixth Circuit opinion; letter to client; letters to opposing counsel; telephone conference with client | |

4.75 hours x $275.00 = **$1,306.25**

Disputed Fees

| | | |
|---|---|---|
| 03/22/05 | Work on brief | $ 360.00 |
| 03/23/05 | Work on brief | 380.00 |
| 03/28/05 | Proof appeals brief | 18.00 |
| 11/30/05 | Review cases; travel to Court of Appeals; dinner | 1,972.00 |
| 12/01/05 | Court of Appeals oral argument; travel home; telephone conference with FJB on outcome | 1,780.00 |
| | | **$4,510.00** |

Allowed costs

| | | |
|---|---|---|
| 11/23/05 | "Travel expenses to Cincinnati Sixth Circuit Court" | $598.58 |
| 11/29/05 | Travel expenses to Sixth Circuit Court of Appeals | 120.44 |
| | | 42.30 |
| | | **$761.32** |

Total attorneys' fees and costs related to Shields I

| | |
|---|---|
| Brent B. Boncher | $2,146.00 |
| Frederick J. Boncher | 1,306.25 |
| Disputed fees | 4,510.00 |
| Costs | 761.32 |
| Motion for fees | 518.71 |
| Preparation of petition | 250.00 |
| | **$9,492.28** |